IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JIMMY MANES                                                                                       PLAINTIFF
ADC #164009

v.                                              3:20-cv-00262-LPR-JJV

PHILLIP STERING, Correctional Officer,                                            DEFENDANT
Craighead County Detention Center

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.      INTRODUCTION**

Jimmy Manes ("Plaintiff"), incarcerated at the Craighead County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff sued Craighead County Detention Center

Correctional Officer Phillip Stering in his personal and official capacities. (Doc. No. 2.) Plaintiff's claims are brief. He alleged that when he was coming in from yard call on August 19, 2020, Defendant Stering "intentionally took his blue gloves that been shaking inmates down with for some time now and threw them in [Plaintiff's] face and stated this is my barracks and I do as I please." (*Id.* at 4.) Plaintiff asserted Defendant Stering's actions were "very unprofessional." (*Id.*) As for relief, Plaintiff said he "would like to file charges on [Defendant Stering]." (*Id.* at 5.)

## II.    SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  PLAINTIFF'S COMPLAINT

As a part of the screening process, on September 1, 2020 I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted.  (Doc. No. 3.)  I also explained to Plaintiff the deficiencies in his Complaint.  (*Id*. at 3-6.)  Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him.  (*Id.*)  He was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice.  (*Id*. at 6.)  Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient.  He sued Defendant Stering in his official capacity.  Plaintiff did not, however, allege that a policy, practice, or custom was the moving force behind any alleged violation.  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

As to his personal capacity claims, Plaintiff failed to explain how he was harmed by any act of Defendant Stering.  (Doc. No. 3 at 4-5.).

Lastly, Plaintiff's only requested relief was his wish to bring charges against Defendant Stering.  But Plaintiff does not have standing to bring charges.  (*Id*. at 5) (*citing Anguiano v. Dallas County Jail Under Sheriff*, 590 Fed. Appx. 652 (8th Cir. 2015) (*per curiam*)).

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include to cure the deficiencies.  (*Id*. at 4-8.)  Yet Plaintiff has not filed an Amended Complaint.  Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim as explained above.

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 2nd day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."